UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CR-00494 JAR |
| | ) |
| DEMIKO DUNN, | ) |
| | ) |
| Defendant. | ) |

### GUILTY-PLEA AGREEMENT

COME NOW the parties and hereby agree as follows:

1. **PARTIES**

The parties are Defendant Demiko Dunn, represented by defense counsel Mohammed G. Ahmed, and the United States of America ("the Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**

   A. **The Plea:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for Defendant's voluntary plea of guilty to Count One of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law on May 10, 2022, known to the Government at this time, arising out of the events set forth in the Indictment.

   B. **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties

Page **1** of **10**

further agree that the Government shall not request a sentence above the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, 18 U.S.C. § 3553, or any other provision or rule of law not addressed herein. Defendant remains free to recommend whatever sentence he deems appropriate. The parties understand that the Court is neither a party to, nor bound by, the Guidelines recommendations agreed to in this document.

**3.   ELEMENTS**

As to Count One, Defendant admits to knowingly violating 18 U.S.C. § 922(g)(1), admits there is a factual basis for the plea, and fully understands that the elements of the crime are as follows:

(i) Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii) Defendant, thereafter, knowingly possessed one or more firearms;

(iii) at the time Defendant knowingly possessed the firearm(s), he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(iv) the firearm(s) were transported across a state line at some point during or before Defendant's possession.

**4.   FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to U.S.S.G. § 1B1.3.

On May 10, 2022, Defendant walked out of a residence in the 4100 block of California, located in the City of St. Louis within then Eastern District of Missouri, possessing a firearm that was tucked into his waistband. Officers with the St. Louis Metropolitan Police Department were in the area after someone called to report gunfire. While conducting their investigation, the officers were drawn to Defendant, whom they saw walking on the sidewalk carrying a liquor bottle. The

officers detained Defendant after seeing him take a drink from the bottle. The officers then discovered the firearm, a Taurus G2C, .40 caliber semiautomatic pistol, and removed it from Defendant's waistband.

The Taurus G2C was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, it had been transported across state lines and in interstate commerce prior to or during Defendant's possession. The Taurus G2C can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

Prior to May 10, 2022, Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time Defendant possessed the aforementioned firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

5.  **STATUTORY PENALTIES**

Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than 3 years.

In certain situations under 18 U.S.C. § 924(e) (Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of 15 years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than 5 years. Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A. **Chapter 2 Offense Conduct**

i. **Base Offense Level:** The parties agree that the Base Offense Level is found in U.S.S.G. § 2K2.1(a) and depends on, among other things, the nature of Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under U.S.S.G. § 4B1.4 if Defendant is determined to be an Armed Career Criminal.

ii. **Specific Offense Characteristics:** The parties agree that no Specific Offense Characteristics apply.

B. **Chapter 3 Adjustments**

i. **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The parties further agree that Defendant's eligibility for this reduction

is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the Government subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility, including criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    **C.**    **Estimated Total Offense Level:** The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to U.S.S.G. § 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal. Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that Defendant is or is not an Armed Career Criminal.

    **D.**    **Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

    **E.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the

right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

   **A.    Appeal:**   Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under 18 U.S.C. § 3742.

   i.    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   ii.    **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences Defendant within or below that range, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences Defendant within or above the determined Sentencing Guidelines range.

   **B.    Habeas Corpus:**   Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   **C.    Right to Records:**   Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, *see* 5 U.S.C. § 522, or the Privacy Act, *see* 5 U.S.C. § 552(a).

8.  **OTHER**

   A.  **Disclosures Required by the United States Probation Office:**   Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

   B.  **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

   C.  **Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in 18 U.S.C. § 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

   D.  **Mandatory Special Assessment:**   This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   E.  **Possibility of Detention:**   Defendant may be subject to immediate detention pursuant to the provisions of 18 U.S.C. § 3143.

**F.     Fines and Costs of Incarceration and Supervision:**   The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.     Forfeiture:**   Defendant agrees to forfeit all of Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the Government and to rebut the claims of nominees and/or alleged third party owners. Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

## 9.     ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Page **8** of **10**

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and any defenses.

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement that deal with charges the Government agrees to dismiss or not to bring.

| | |
|---|---|
| 5/26/2023 | _/s/ Matthew A. Martin_ |
| Date | Matthew A. Martin |
| | Assistant United States Attorney |
| 5/26/23 | _/s/ Demiko Dunn_ |
| Date | Demiko Dunn |
| | Defendant |
| 5/26/2023 | _/s/ Mohammed G. Ahmed_ |
| Date | Mohammed G. Ahmed |
| | Attorney for Defendant |